**WEILAND GOLDEN GOODRICH LLP**
David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
John J. Menchaca

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CANDINA MARIE OZUNA,<br><br>Debtor. | Case No. 2:19-bk-14219-BB<br><br>Chapter 7<br><br>Adv. No. _____ |
| JOHN J. MENCHACA, Chapter 7 Trustee of the Estate of Candina Marie Ozuna,<br><br>Plaintiff,<br><br>v.<br><br>CANDINA MARIE OZUNA, an individual, DAVID OZUNA, an individual, THERESA HARDEN, an individual, and RICHARD HARDEN, an individual,<br><br>Defendants. | **COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(1), 3439.07 AND 3439.09;**<br>**(2) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2), 3439.07 AND 3439.09;**<br>**(3)TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550;**<br>**(4) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550;**<br>**(5) TO PRESERVE AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 551;**<br>**(6) TO QUIET TITLE;**<br>**(7) FOR DECLARATORY RELIEF; AND**<br>**(8) FOR TURNOVER OF PROPERTY.** |

1231108.1    COMPLAINT

**TO THE DEFENDANTS CANDINA MARIE OZUNA, DAVID OZUNA, AND THERESA HARDEN:**

Plaintiff, John J. Menchaca, the chapter 7 trustee ("Trustee" or "Plaintiff") of the estate ("Estate") of Candina Marie Ozuna ("Debtor"), hereby files this complaint for: (1) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (2) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09; (3) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550; (4) Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (5) Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551; (6) Quiet Title; (7) Declaratory Relief; and (8) Turnover of Property ("Complaint"), against Candina Marie Ozuna, David Ozuna, Theresa Harden, and Richard Harden (each a "Defendant" and collectively, the "Defendants") and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 11 U.S.C. §§ 323, 548, 550, and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.

3. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re Candina Marie Ozuna*, a chapter 7 case bearing case number 2:19-bk-14219-BB currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Sheri Bluebond presiding.

## STATEMENT OF STANDING

5. Debtor filed her chapter 7 bankruptcy petition on April 12, 2019 ("Petition Date").

6. The Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of Debtor's bankruptcy estate ("Estate").

7. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 323, 548, 550, and 551.

## PARTIES TO THE ACTION

8. Plaintiff is the duly-appointed chapter 7 trustee of the Bankruptcy Estate.

9. Plaintiff is informed, believes, and alleges that Defendant Candina Marie Ozuna ("Debtor") is an individual residing in Los Angeles, California.

10. Plaintiff is informed, believes, and alleges that Defendant David Ozuna ("David") is an individual residing in Los Angeles, California, and is the husband of the Debtor. Plaintiff is informed, believes, and alleges that David is an "insider" of the Debtor within the meaning of "insider" under 11 U.S.C. §101(31).

11. Plaintiff is informed, believes, and alleges that Defendant Theresa Harden ("Theresa") is an individual residing in Los Angeles, California, and is the mother of the Debtor and married to Richard. Plaintiff is informed, believes, and alleges that Theresa is an "insider" of the Debtor within the meaning of "insider" under 11 U.S.C. §101(31).

12. Plaintiff is informed, believes, and alleges that Defendant Richard Harden ("Richard") is an individual residing in Los Angeles, California, and is the father of the Debtor and married to Theresa. Plaintiff is informed, believes, and alleges that Richard is an "insider" of the Debtor within the meaning of "insider" under 11 U.S.C. §101(31).

## GENERAL ALLEGATIONS

13. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 12, as though fully set forth herein.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

14. On April 12, 2019, the Debtor filed a voluntary petition for relief under chapter 7 of the United States Code. The Plaintiff was appointed as the duly acting chapter 7 trustee of the Debtor's Estate.

15. Plaintiff is informed, believes, and alleges that David and the Debtor are married and were married during all of the events herein described.

16. Plaintiff is informed, believes, and alleges that the Debtor and David purchased the property located at 44330 Hazel Court, Lancaster, California 93536 ("Property"), and the Debtor had an interest in the Property prior to the Petition Date.

17. Plaintiff is informed, believes, and alleges that on approximately November 7, 2016, the Debtor was involved in a multi-car accident ("Car Accident"), with the Debtor driving.

18. Plaintiff is informed, believes, and alleges that on April 24, 2017, the victim of the Car Accident ("Victim") sent a demand letter to Debtor.

19. Plaintiff is informed, believes, and alleges that the Debtor transferred her interest in the Property to David for no consideration on May 12, 2017 ("First Transfer").

20. Plaintiff is informed, believes, and alleges that on July 13, 2017, the Victim filed a lawsuit against the Debtor seeking damages arising from the Debtor's alleged negligence which purported caused the Car Accident.

21. Plaintiff is informed, believes, and alleges that David transferred less than his full interest in the Property to Theresa on November 16, 2017 ("Second Transfer") for no or less than equivalent consideration.

22. Plaintiff is informed, believes, and alleges that, David transferred his remaining interest in the Property to Theresa on January 22, 2018 ("Third Transfer") for no or less than equivalent consideration.

23. Plaintiff is informed, believes, and alleges that Theresa transferred her interest in the Property to herself and Richard on March 6, 2018 ("Fourth Transfer" and collectively with the First Transfer, Second Transfer, and Third Transfer, the "Transfers") for no or less than equivalent consideration.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

24. Plaintiff is informed, believes, and alleges that the Property constituted community property at the time of the Transfers.

25. Plaintiff is informed, believes, and alleges that the Transfers are a "transfer" within the meaning of "transfer" pursuant to 11 U.S.C. § 101(54).

26. Plaintiff is informed, believes, and alleges that there are, and at all times mentioned herein with respect to the Transfers were, creditors holding unsecured claims that are allowable under 11 U.S.C. § 502.

27. The Property was community property of the Debtor and David prior to the Transfers.

## FIRST CLAIM FOR RELIEF

(To Avoid Transfer and Recover Intentionally Fraudulently

Transferred property Under 11 U.S.C. §§ 544(b) and 550,

and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07, and 3439.09)

28. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Plaintiff is informed, believes, and alleges that the Transfers occurred during the four-year period immediately preceding the Petition Date.

30. Plaintiff is informed, believes, and alleges that the Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

31. Plaintiff is informed, believes, and alleges that creditors existed at the time of the Transfers that remained unpaid as of the Petition Date.

32. Plaintiff is informed, believes, and alleges that the Debtor received no or inadequate consideration from each of the Transfers.

33. Plaintiff is informed, believes, and alleges that the Debtor was insolvent at the time of the Transfers and/or was rendered insolvent by virtue of the Transfers.

34. Plaintiff is informed, believes, and alleges that Theresa and Richard are transferees within the meaning of 11 U.S.C. § 550(a).

35. By reason of the foregoing, the Transfers are avoidable, and Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09 and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

(To Avoid Transfer and Recover Constructively Fraudulently

Transferred Property Under 11 U.S.C. §§ 544(b) and 550, and

Cal. Civ. Code §§ 3439.04(a)(2), 3439.07 and 3439.09)

36. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Plaintiff is informed, believes, and alleges that at the time of the Transfers, Debtor believed, or reasonably should have believed, that she would incur debts beyond her ability to pay as they became due.

38. Plaintiff is informed, believes, and alleges that the Transfers were made to and for the benefit of Defendants Theresa and Richard.

39. Plaintiff is informed, believes, and alleges that Theresa and Richard are transferees within the meaning of 11 U.S.C. § 550(a).

40. Plaintiff is informed, believes, and alleges that Debtor did not receive reasonably equivalent value for making the Transfers and did not make the Transfers in good faith.

41. By reason of the foregoing, the Transfers are avoidable, and Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2), 3439.07, and 3439.09 and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## **THIRD CLAIM FOR RELIEF**

(To Avoid Transfer and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 548(a)(1)(A) and 550)

42. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43. Plaintiff is informed, believes, and alleges that the Transfers occurred during the two-year period immediately preceding the Petition Date.

44. Plaintiff is informed, believes, and alleges that the Transfers were made with the actual intent to hinder, delay, or defraud Debtor's creditors.

45. Plaintiff is informed, believes, and alleges that creditors existed at the time of each of the Transfers that remained unpaid as of the Petition Date.

46. Plaintiff is informed, believes, and alleges that Debtor made the First Transfer to or for the benefit of David.

47. Plaintiff is informed, believes, and alleges that David made the Second Transfer and the Third Transfer to or for the benefit of Theresa.

48. Plaintiff is informed, believes, and alleges that Theresa made the Fourth Transfer to or for the benefit of Richard.

49. Plaintiff is informed, believes, and alleges that Theresa and Richard are transferees within the meaning of 11 U.S.C. § 550(a).

50. Plaintiff is informed, believes, and alleges that the Debtor received less than a reasonably equivalent value in exchange for the First Transfer.

51. Plaintiff is informed, believes, and alleges that the Debtor received less than a reasonably equivalent value in exchange for the Second Transfer and Third Transfer.

52. Plaintiff is informed, believes, and alleges that the Debtor received less than a reasonably equivalent value in exchange for the Fourth Transfer.

53. Plaintiff is informed, believes, and alleges that Debtor was insolvent at the time of the Transfers and/or was rendered insolvent by virtue of the Transfers.

54. Plaintiff is informed, believes, and alleges that David did not take the First Transfer in good faith.

55. Plaintiff is informed, believes, and alleges that Theresa did not take the Second Transfer or Third Transfer in good faith.

56. Plaintiff is informed, believes, and alleges that Richard did not take the Fourth Transfer in good faith.

57. By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## **FOURTH CLAIM FOR RELIEF**

(To Avoid Transfer and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 548(a)(1)(B) and 550)

58. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 57, inclusive, as though fully set forth herein.

59. Plaintiff is informed, believes, and alleges that the Debtor received less than a reasonably equivalent value in exchange for the First Transfer.

60. Plaintiff is informed, believes, and alleges that the Debtor received less than a reasonably equivalent value in exchange for the Second Transfer and Third Transfer.

61. Plaintiff is informed, believes, and alleges that the Debtor received less than a reasonably equivalent value in exchange for the Fourth Transfer.

62. Plaintiff is informed, believes, and alleges that Debtor was insolvent on the date of each of the Transfers or became insolvent as a result of the Transfers.

63. Plaintiff is informed, believes, and alleges that, at the time of the First Transfer, Debtor believed that she would incur debts that would be beyond the Debtor's ability to pay.

64. Plaintiff is informed, believes, and alleges that the Debtor did not make the First Transfer in good faith.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

65. Plaintiff is informed, believes, and alleges that David did not take the First Transfer in good faith.

66. Plaintiff is informed, believes, and alleges that David and/or Debtor did not make the Second Transfer or Third Transfer in good faith.

67. Plaintiff is informed, believes, and alleges that Theresa did not take the Second Transfer or Third Transfer in good faith.

68. Plaintiff is informed, believes, and alleges that the Fourth Transfer was not made in good faith.

69. Plaintiff is informed, believes, and alleges that Richard did not take the Fourth Transfer in good faith.

70. Plaintiff is informed, believes, and alleges that Theresa and Richard are transferees within the meaning of 11 U.S.C. § 550(a).

71. By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

**FIFTH CLAIM FOR RELIEF**

(To Preserve Transfers for the Benefit of the Estate

Pursuant to 11 U.S.C. § 551)

72. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 71, inclusive, as though fully set forth herein.

73. Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estate because the Transfers are avoidable under 11 U.S.C. §§ 548 and 550 as set forth above.

**SIXTH CLAIM FOR RELIEF**

(To Quiet Title Against the Property Pursuant to Cal. C. Pro. § 761.020)

74. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 73, inclusive, as though fully set forth herein.

75. Plaintiff is informed and believes, and alleges that Theresa and Richard claim an interest in the Property adverse to the Plaintiff's interest. Theresa's and Richard's claims, however, are without any right whatsoever, and Theresa and Richard have no legal or equitable right, claim or interest in the Property.

76. The Plaintiff seeks a determination that title to the Property is, or should be, vested in the Debtor and David, and Theresa and Richard be declared to have no estate, title or interest in the Property and that Theresa and Richard be forever enjoined from asserting any estate, right, title or interest in the Property adverse to the Plaintiff.

## SEVENTH CLAIM FOR RELIEF

(For Declaratory Relief - Invalidity of Exemption)

77. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 76, inclusive, as though fully set forth herein.

78. Plaintiff is informed, believes, and alleges that Property will be recovered pursuant to §§ 550 and 551.

79. Plaintiff is informed, believes, and alleges that the Transfers were voluntary and the Debtor could not have avoided the Transfers under § 522(f)(1)(B).

80. Plaintiff therefore seeks a declaration that Debtor is not entitled to exempt the interest in the Property recovered by the Estate pursuant to § 522(g).

81. Plaintiff is informed, believes, and alleges that an actual controversy exists between the Trustee and Debtor relating to the Trustee's contentions made in Paragraphs 74, 75, and 76.

## EIGHTH CLAIM FOR RELIEF

(For Declaratory Relief - Community Property Rights)

82. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 81, inclusive, as though fully set forth herein.

83. Plaintiff contends the Property is property of the Estate and Plaintiff seeks a declaration of rights that the Property is property of the Estate.

84. California Family Code § 760 sets forth an evidentiary presumption that property acquired by a spouse during the marriage is deemed to be community property. *In re Marriage of Valli*, 58 Cal. 4th 1396, 1400 (Cal. May 15, 2014); *In re Summers*, 332 F.3d 1240, 1242-1243 (9th Cir. 2003), citing, *In re Marriage of Haines*, 33 Cal.App.4th 277, 289-290 (1995).

85. The community property presumption under California law can be rebutted if the property's acquisition is (1) traceable to a separate property source, (2) acquired by gift or bequest, or (3) earned or accumulated while the spouses are living separate and apart. *Valli* at 1400, citing, inter alia, *In re Marriage of Lucas*, 27 Cal.3d 808, 815 (1980) and California Family Code §§ 770 and 771.

86. Under California Family Code § 852(a), "[a] transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the non-debtor spouse whose interest in the property is adversely affected." California Family Code § 852(a).

87. The general evidentiary presumption of California Evidence Code § 662 that record title indicates full beneficial ownership does not apply where it conflicts with the transmutation statute in California Family Code § 852(a). *Valli* at 1405-06.

88. Under California Family Code § 910(a), "the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." California Family Code § 910(a). Therefore, any community property of the Debtor and David is liable for the debt of either spouse.

89. Plaintiff is informed, believes, and alleges that the Property was community property of the Debtor and David before the Transfers occurred.

90. Plaintiff is informed, believes, and alleges that there is no written agreement made, joined in, consented to, or accepted by the Debtor to transmutate the Property from community property of the Debtor and David to separate property of David.

91. Plaintiff is informed, believes, and alleges that any interest recovered by the Estate from Theresa and Richard is an interest held as community property of the Debtor and David.

92. Plaintiff is informed, believes, and alleges that any interest recovered by the Estate from Theresa and Richard is property of the Estate.

93. Plaintiff is informed, believes, and alleges that the Trustee may sell the interest of the Debtor and David that is recovered because it is community property and property of the Estate.

94. Plaintiff is informed, believes, and alleges that David disputes one or more of the allegations made in Paragraphs 85 through 89.

95. As a result of the foregoing controversies and disputes, a judicial declaration of one or more of the following is necessary and appropriate: (a) the Property was community property of the Debtor and David before the Transfers occurred, (b) any interest recovered by the Estate from Theresa and Richard is an interest held as community property of the Debtor and David, (c) any community property of the Debtor and David is liable for the debt of either spouse, (d) any interest recovered by the Estate from Theresa and Richard is property of the Estate, (e) the Plaintiff may sell the interest in the Property that is held as community property of the Debtor and David that is recovered because it is community property and property of the Estate.

## NINTH CLAIM FOR RELIEF

(Turnover of Possession of Property)

96. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 95, inclusive, as though fully set forth herein.

97. Plaintiff is informed, believes, and alleges that the Property is property of the Estate that the Trustee may sell, use or lease under 11 U.S.C. § 363.

98. Plaintiff is informed, believes, and alleges that the Debtor and David are in custody, control and possession of the Property.

99. Plaintiff is informed, believes, and alleges that the Plaintiff is entitled to the turnover of possession of the Property from the Debtor pursuant to 11 U.S.C. §§ 521(a)(4) and or 542(a).

100. Plaintiff is informed, believes, and alleges that Plaintiff is entitled to the turnover of possession of the Property from David pursuant to 11 U.S.C. § 542(a).

**WHEREFORE**, the Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against the Defendants as follows:

### On the First Claim for Relief

1. Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate, and/or

2. Awarding the Plaintiff a money judgment against the Defendants in the amount of the Transfers.

### On the Second Claim for Relief

3. Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate, and/or

4. Awarding the Plaintiff a money judgment against the Defendants in the amount of the Transfers.

### On the Third Claim for Relief

5. Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate, and/or

6. Awarding the Plaintiff a money judgment against the Defendants in the amount of the Transfers.

///
///
///

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

### On the Fourth Claim for Relief

7. Avoiding the Transfers and declaring that the Transfers be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfers for the benefit of the Estate, and/or

8. Awarding the Plaintiff a money judgment against the Defendants in the amount of the Transfers.

### On the Fifth Claim for Relief

9. For preservation of the Transfers for the benefit of the Estate.

### On the Sixth Claim for Relief

10. For judgment that title to the Property is vested in the Debtor and David, and Theresa and Richard be declared to have no estate, title or interest in the Property.

### On the Seventh Claim for Relief

11. For judgment that the Debtor is not entitled to assert an exemption on the Property.

### On the Eighth Claim for Relief

12. For judgment that: (a) the Property was community property of the Debtor and David before the Transfers occurred, (b) any interest recovered by the Estate from Theresa and Richard is an interest held as community property of the Debtor and David, (c) any community property of the Debtor and David is liable for the debt of either spouse, (d) any interest recovered by the Estate from Theresa and Richard is property of the Estate, and (e) the Plaintiff may sell the interest in the Property that is held as community property of the Debtor and David that is recovered because it is community property and property of the Estate.

### On the Ninth Claim for Relief

13. For judgment that the Property be turned over to the Plaintiff pursuant to 11 U.S.C. § 542 at a time and place designated by the Plaintiff so that the Plaintiff can administer the Property for the benefit of the Estate.

///

**On all Claims for Relief**

14. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: September 5, 2019       WEILAND GOLDEN GOODRICH LLP

By: */s/ David M. Goodrich*
    DAVID M. GOODRICH
    Counsel for Chapter 7 Trustee,
    John J. Menchaca

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1231108.1                          15                         COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>JOHN J. MENCHACA, Chapter 7 Trustee of the Estate of Candina Marie Ozuna | **DEFENDANTS**<br>CANDINA MARIE OZUNA, an individual, DAVID OZUNA, an individual, THERESA HARDEN, an individual and RICHARD HARDEN, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN GOODRICH LLP<br>650 Town Center Drive, Suite 600, Costa Mesa, CA 92626<br>Telephone: (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ■ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ■ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (2) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09; (3) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550; (4) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (5) To Preserve Avoided Transfers Pursuant to 11 U.S.C. § 551; (6) To Quiet Title; (7) For Declaratory Relief; and (8) For Turnover of Property

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Candina Marie Ozuna ||| BANKRUPTCY CASE NO.<br>2:19-bk-14219-BB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California || DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Sheri Blubond |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David M. Goodrich ||||
| DATE<br>September 5, 2019 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich |

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.